```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JUDY KODRIN, ET AL                            CIVIL ACTION

VERSUS                                        NO: 06-8180

STATE FARM FIRE INSURANCE                     SECTION: "J" (5)
COMPANY, ET AL
```

**ORDER**

On November 7, 2007 a jury returned a verdict in favor of plaintiffs Judy and Michael Kodrin on their claims against their homeowner's insurer, State Farm Fire and Casualty Company, for the destruction of their home as a result of Hurricane Katrina. The jury awarded damages as follows for breach of contract:

| | |
|---|---:|
| Dwelling | $106,260.00 |
| Other structures | 10,626.00 |
| Personal contents | 79,695.00 |
| Additional living expenses | 9,736.96 |

Since Judy Kodrin was the sole owner of the house, she is entitled to recover the amounts awarded for the dwelling and other structures.  The personal property or contents were owned jointly by the Kodrins, and the additional living expenses were incurred jointly.

In addition, the jury found that State Farm's failure to pay the Kodrins' claims within 30 or 60 days from proof of loss was arbitrary, unreasonable, and in bad faith. Accordingly, the jury determined that State Farm was liable under both La. R.S. 22:658 and 22:1220, which provide for certain penalties for bad faith insurance claims handling practices. The amount of the penalties under 22:658 was left for the Court to calculate. Pursuant to 22:1220, the jury awarded Judy and Michael Kodrin each the sum of $25,000 in general damages and double that amount, or $50,000 in penalties.

Louisiana law is clear that plaintiffs may not recover penalties under both statutes, but are entitled to the higher penalty under one or the other statute. Calogero v. Safeway Insurance Co., 753 So.2d 170,174 (La. 2000). The Court finds that the higher penalties in this instance are those awarded by the jury under 22:1220, which total $75,000 for each plaintiff.

However, because 22:1220 does not provide for attorney fees, plaintiffs may be entitled to recover attorney fees under R.S. 22:658. Id. At the time of Katrina, this statute provided for a penalty of 25% of the amount due, but did not allow for recovery of attorney fees. Subsequent to Hurricane Katrina, and in obvious response to the difficulties that many Louisiana homeowners had encountered in resolving their hurricane insurance

2

claims, the legislature amended the statute to increase the penalties from 25% to 50%, and to allow for recovery of reasonable attorneys fees. The question presented is whether or not the amended statute, which became effective August 15, 2006, is applicable in this case.

Louisiana courts have recently held that the 2006 amendments were substantive and not retroactive. Sher v. Lafayette Insurance Co., ___ So. 2d ___ (La. App. 4th Cir., No. 2007-CA-0757, November 19, 2007); see also Conlee v. Fireman's Fund Ins. Co., No. 07-660, 2007 WL 2071860 (E.D. La. July 17, 2007); Empire Inn, L.L.C. v. State Farm Fire and Cas. Co., No. 06-4939, 2007 WL 2751203 (E.D. La. Sept. 18, 2007). Accordingly, the amended statute cannot be applied retroactively to bad faith conduct occurring before the effective date. However, in Louisiana an insurer owes its insured a continuing duty of good faith and fair dealing. Conlee, 2007 WL 2071860. In the context of the instant case, the evidence and jury verdict lead to only one reasonable conclusion, i.e., State Farm breached its duty to handle the Kodrins' claims in good faith, by not paying their claims within 30 days from proof of loss. Since State Farm had a continuing duty to fairly evaluate and adjust the Kodrins' claims, the bad faith conduct occurred both before and after the effective date of the amended 22:658. Applying the amended statute

3

prospectively, the Court concludes that plaintiffs are entitled to recover reasonable attorneys fees which were incurred more than 30 days beyond the August 15, 2006 effective date of the amended statute. While the Court is aware that other cases have held that only the version of the statute in effect at the time of the original breach can apply,[1] this interpretation of the amendments does not seem to be justified by the obvious purpose of the legislative amendments increasing the penalty and providing for recovery of attorneys fees. If the notion of a "continuing duty" has meaning, then an insurer who initially denies a claim cannot simply ignore its continuing obligation to its own policyholder to further investigate or review the pending claim. Continuing to act unreasonably by failing to pay a legitimate claim even after the legislature acted to increase the penalties for such behavior seems to be precisely the conduct that the legislature sought to address.

A final judgment will be entered in accordance with the jury verdict and this order. Counsel for plaintiffs shall file a properly supported motion for attorneys fees and costs within 20 days from entry of the final judgment. Defense counsel shall file any opposition within 10 days thereafter.

---

[1] See, e.g., Empire Inn, 2007 WL 2751203; Ferguson v. State Farm Ins. Co., No. 06-3936, 2007 WL 1378507 (E.D. La. May 9, 2007).

New Orleans, Louisiana this the 21st day of November, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE