UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUDY KODRIN, ET AL                    CIVIL ACTION

VERSUS                                NO: 06-8180

STATE FARM INSURANCE                  SECTION: J
COMPANY, ET AL

**ORDER AND REASONS**

Before the Court is Plaintiffs Judy and Michael Kodrin's
**Memorandum Regarding Attorney Fees and Costs (Rec. Doc. 132).**
Plaintiffs seek an award of attorneys fees, costs, and expenses
pursuant to this Court's November 21, 2007 Judgment in their
favor.  Defendant State Farm Fire and Casualty Company ("State
Farm") opposes such an award.  Upon review of the record, the
memoranda of counsel, and the applicable law, this Court now
finds, for the reasons set forth below, that attorneys fees and
costs should be awarded in the following manner and amounts.

<u>**Background Facts**</u>

Plaintiffs filed their Petition for Damages in state court
in the 25th Judicial District for the Parish of Plaquemines,
State of Louisiana, and named as Defendant, State Farm.
Plaintiffs alleged that their property suffered damages as a
result of Hurricane Katrina.  This property was covered by a

homeowners' policy with Defendant.  Plaintiffs notified Defendant of their losses, but Defendant refused to tender payment up to the policy limits.

Defendant removed the action to federal court and, following a jury trial, judgment was awarded in favor of Plaintiffs in the amount of $356,317.96, with legal interest from the date of judicial demand, plus reasonable attorneys fees pursuant to La. R.S. 22:658.  In an order issued contemporaneously with the Judgment, this Court explained that plaintiffs are entitled to recover reasonable attorneys fees which were incurred more than 30 days beyond the August 15, 2006 effective date of the amended version of La. R.S. 22:658.  Therefore, the only issue before this Court is the determination of the amount of attorneys fees and costs that Plaintiffs are entitled to recover.

## The Parties' Arguments

Plaintiffs assert two alternative bases by which this Court can calculate attorneys fees.  First, Plaintiffs state that the Court may award attorneys fees based on a contingency fee. Plaintiffs cite Hymel v. HMO of Loa, Inc. in support.  951 So. 2d 187 (La. App. 1st Cir. 2006) (awarding attorneys fees under La. R.S. 22:658 based upon the contingency fee contract); see also Gilbeau v. Bayou Nursing Ctr., 930 So. 2d 1167 (La. App. 3d Cir. 2006) (awarding attorneys fees of 33 1/3 percent based upon a contingency fee contract, given that plaintiffs' attorney assumed financial responsibility, filed suit, conducted discovery).  As a Louisiana state court has found, "[b]asing the award on what the

2

plaintiff is contractually obligated to pay is a reasonable approach." Short v. Plantation Mgmt. Corp., 781 So. 2d 45, 65-66 (La. App. 1st Cir. 2000). Plaintiffs testified at trial that their fee contract provided for a contingency fee of forty percent. The total judgment awarded in this case was $356,317.96. Forty percent of this award equals $142,527.18.

Alternatively, Plaintiffs state that the contract[1] entered into between Plaintiffs and counsel specified an hourly rate of $300 for partner time, $200 for associate time, and $100 for paralegal time.[2] Plaintiffs state that this rate is within the normal range for this type of case. As of December 5, 2007, Plaintiffs' counsel expended 279.5 hours of partner time, 505.75 hours of associate time, and 255.25 hours of paralegal time, for a total amount of $210,525.00.[3] As the hourly fee is higher than the contingency fee, plaintiffs claim they are contractually obligated to pay $210,525.00 in attorneys fees. As a result, Plaintiffs ask this Court to enter an award based on the hourly fee.

In addition, Plaintiffs contend they are entitled to recover costs under Louisiana state law as a consequence of State Farm's

[1] According to this contract, Plaintiffs are obligated to pay whatever amount is higher; the contingency fee or the hourly fee.

[2] Plaintiffs seek an award for paralegal time if the Court decides to award fees hourly rather than based on the contingency fee contract.

[3] Plaintiff attaches a timesheet in support of its calculation.

bad faith as well as federal law, including, but not limited to, 28 U.S.C. § 1920. Plaintiffs assert that such costs include deposition costs, E.E.O.C.. v. W&O, Inc., 213 F.3d 600 (11th Cir. 2000), filing fees, id. at § 1920(1)&(5), photocopying costs and document production as is reasonably necessary for use in the case, Billings v. Cape Cod Child Development Program, 270 F. Supp. 2d 175 (D. Mass. 2003), legal research, U.S. v. Adkinson, 256 F. Supp. 2d 1297 (N.D. Fla. 2003), and trial transcripts, Berner v. British Commonwealth Pac. Airlines, Ltd., 362 F.2d 799 (2d Cir. 1966).  Plaintiffs also state that they incurred the expense of hiring experts to prove their case, including a trial technician and a jury consultant.  To date, Plaintiffs have incurred $39,379.91 in costs and expenses.

In sum, Plaintiffs request a fee award of $210,525.00 based on the hourly fee and an additional $39,739.91 in costs.

In opposition, State Farm argues that contrary to this Court's order, Plaintiffs have not submitted a motion on attorneys fees and costs, but have merely submitted an unverified memorandum.  Regardless, State Farm opposes Plaintiff's calculation of fees based on both the contingency fee contract and the hourly fee as both are "clearly excessive and unreasonable."

State Farm cites Geraci v. Byrne in support of its assertion that an arrangement between a plaintiff and an attorney for fees equaling a percentage of the recovery is not determinative of the amount owed.  934 So. 2d 263 (La. App. 5th Cir. 2006).  State

4

Farm points out that the instant case was a three day trial without extensive discovery.

Furthermore, according to State Farm, the hourly rates charged by Plaintiffs' counsel are excessive for a property damage insurance breach of contract claim.  State Farm also challenges individual billing entries as excessive, noting an inordinate amount of time charged for drafting and revising the Petition for Damages, multiple timekeepers for the same entries, and an unnecessary and excessive amount of time spent on discovery motions.  State Farm further states that Plaintiff's quarter hour minimum billing period is unreasonable and has likely resulted in overbilling, as many tasks take less than fifteen minutes to complete.

State Farm suggests that the maximum reasonable contingency fee should be 33 percent.  Alternatively, the hourly charges should be adjusted and reduced to lower the per hour charge, to not allow for duplicate billing by multiple timekeepers, and to not allow for excessive charges.  Instead of an hourly rate of $300 for partner time, $200 for associate time, and $100 for paralegal time, State Farm suggests an hourly rate of $200 for partner time, $150 for associate time, and $90 for paralegal time.

As for costs, State Farm asserts that Plaintiffs cannot recover costs beyond those authorized by 28 U.S.C. 1920.  That statute limits taxation of costs to: (1) fees of the clerk and marshal, (2) fees of the court reporter for stenographic

transcription necessarily obtained in the case, (3) fees and disbursements for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, (6) and compensation of court appointed experts.  However, according to State Farm, Plaintiffs have included multiple items that are not allowed as court costs under section 1920.

## **Discussion**

This Court's order dated November 21, 2007 (Rec. Doc. 126), issued contemporaneously with the Judgment, stated that plaintiffs were to file a properly supported motion for attorneys fees and costs.  No such motion was filed, as Plaintiffs have submitted instead a memorandum regarding attorneys fees and costs (Rec. Doc. 132).  However, this Court hereby construes Plaintiffs' filing as a motion for attorneys fees and costs.

In the Fifth Circuit, state law controls both the award of and the reasonableness of fees awarded when state law supplies the rule of decision.  Mathis v. Exxon Corp., 302 F.3d 448, 461 (5th Cir. 2002).  Therefore, this Court must look to Louisiana law when determining the amount of, and the reasonableness of attorneys fees.

In assessing the reasonableness of attorneys fees, there are ten factors that are to be taken into account.  State of Louisiana, Department of Transportation and Development v. Williamson, 597 So. 2d 439, 442 (La. 1992).  These include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money

involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.  <u>Id</u>. at 442.

Further, while a court may consider an attorney-client contract among other factors, it is not bound by such an agreement in determining reasonable attorneys fees.  Rather, the court should consider "the entire record, including discovery, pretrial motions, the legal issues involved and the length of trial."  <u>Richardson v. Parish of Jefferson</u>, 727 So. 2d 705, 707 (La. App. 5th Cir. 1999).  Therefore, because an hourly rate more properly takes the relevant factors into account, an hourly rate is the proper way to award reasonable attorneys fees in this matter.

Examining the record in light of the above mentioned factors beginning with the first factor, the ultimate result for Plaintiffs was good.  Plaintiffs prevailed at trial on the merits and were awarded a total of $356,317.96.  Additionally, this litigation did have some importance beyond the interests of the parties.  Being the first Katrina-related federal jury trial against State Farm and only the second against any insurance carrier in the Eastern District of Louisiana, the case involved numerous legal and factual issues pertaining to whether damages were caused by Hurricane Katrina's winds (covered by the policy) or by storm surge flooding (not covered by the policy).  In

7

addition, the case involved legal issues pertaining to the calculation of damages and penalties under La. R.S. 22:658 and 22:1220.

As to the extent and character of the work performed, there were an extensive amount of pre-trial motions filed.  And Plaintiffs' counsel did file suit, take numerous depositions, engage in written discovery, hire experts, try the case, and oppose post-trial motions by the Defendant.

However, the timesheet submitted by Plaintiffs' counsel contains some problematic entries.  First, this Court notes that Plaintiffs' counsel has failed to provide proper support in the form of supporting affidavits for their requested hourly rates. Second, the timesheet reflects instances of billing by more than one attorney for the same task, billing in quarter hour increments, as well as excessive amounts of time spent on many tasks, such as drafting the petition and the pre-trial order.  In this way, the timesheet lacks evidence of "billing judgment."[4]

The Fifth Circuit instructs that compensable hours are determined from the attorney's time records and include all hours reasonably spent.  Shipes v. Trinity Industries, 987 F.2d 311, 319 (5th Cir. 1993).  Counsel is then required to exercise billing judgment to exclude from the fee request any "hours that

---

[4]  See Walker v. City of Mesquite in which the Fifth Circuit found that there was no evidence of the exercise of billing judgment because the time and billing records "did not document both the hours charged and the hours written off.  313 F.3d 246, 251 (5th Cir. 2002).

are excessive, redundant or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 432-35 (1983).  If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of the hours awarded by a percentage intended to substitute for the exercise of billing judgment. Walker, 313 F.3d at 251 (citations and quotation marks omitted).  This Court determines that 25 percent is the appropriate reduction in this case.

However, the analysis does not stop here.  Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 (1984).  The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates.  Id.  Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.  Id. at 896 n.11.  However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate.  See Hensley, 461 U.S. at 439 n.15.

As mentioned above, Plaintiffs' counsel have failed to submit supporting affidavits.  Therefore, this Court substitutes reasonable hourly rates based on what has been awarded in similar cases.  In Dickerson v. Lexington Insurance Co., this Court awarded $225 per hour for partner time and $175 per hour for

associate time.  No. 06-8056, 2007 WL 2670269 (E.D. La. Sept. 7, 2007).  State Farm suggests that $90 per hour for paralegal time is a reasonable rate, and this Court agrees.

As a result, reducing the hourly rates accordingly, the total hourly fee equals $174,366.25, down from $210,525.00. Applying the 25 percent reduction for failure to exercise billing judgment, Plaintiffs are to be awarded attorneys fees, including paralegal fees, in the amount of $130,774.69.

Plaintiffs also seek the recovery of costs in the amount of $39,379.91.  In a diversity case, federal law controls in regard to the assessment of costs.  Chaparral Resources, Inc. v. Monsanto Company, 849 F.2d 1286 (10th Cir. 1988).  "[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d).  A court may tax as costs only the following:  (1) fees of the clerk and marshal, (2) fees of the court reporter for all or part of the stenographic transcript necessarily obtained for use in the case, (3) fees and disbursements for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, (6) and compensation of court appointed experts.  28 U.S.C. 1920.  While the Court recognizes this may sometimes be inequitable, allowable costs are limited to these categories, and expenses that are not authorized by statute must be borne by the party incurring them.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987).

This court now turns to an assessment of the costs requested

by Plaintiffs.  Costs such as filing fees and fees for service of process effected by the marshal are recoverable, as are copying expenses for bench books, as such copies are necessarily obtained for use in the case.  Therefore, Plaintiffs are entitled to recover the amounts of $252.50 and $2,989.99, respectively.

However, delivery charges are not listed in 28 U.S. 1920 and are generally not awarded without additional support in the record.  Jones v. White, No. 03-2286, 2007 WL 2427976 (S.D. Tex. Aug. 22, 2007).  In this case, Plaintiffs have not provided support for awarding delivery costs; therefore, delivery charges totaling $1,450.66 are not recoverable.

Fees for deposition transcripts are clearly contemplated by 28 U.S.C. 1920.  However, using the receipts provided by Plaintiffs, the total charges for deposition transcripts equal $4,817.14, not $5,019.81 as requested by Plaintiffs.  Therefore, only $4,817.14 will be awarded.  As for deposition appearances, costs related to the taking of depositions are allowed if the materials were necessarily obtained for use in the case.  Stearns Airport Equipment Co., Inc. v. FMC Corp., 170 F.3d 518, 536 (5th Cir. 1999).  However, State Farm paid these expenses totaling $1,264.80 for Winston Wood, $720 for Patrick Kaminski, and $900 for James Danner; therefore, Plaintiffs cannot seek to charge them to State Farm again.

The expenses associated with trial consultants hired by Plaintiffs are also not chargeable to State Farm.  Freier v. Freier, 985 F. Supp. 710 (E.D. Mich. 1997).  Therefore,

11

Plaintiffs' request for $12,800 in trial consultant fees must

deducted from the amount of costs awarded.

As for expert witness fees, when a prevailing party seeks

reimbursement for fees paid to its own expert witnesses, a

federal court is bound by the limits of 28 U.S.C. 1821(b) which

limits an award of expert witness fees to $40 per day plus travel

expenses.  As for fees associated with an expert's preparation

for and giving of depositions, experts are also entitled to $40

per day plus travel costs.  Canion v. U.S., No.  03-347, 2005 WL

2216881 (W.D. Tex. Sept. 9, 2005).  Therefore, expert Neil Hall's

fees of $8,219 must be reduced to $167.[5]  Plaintiffs also include

an invoice for $3,835.71 for a property appraisal by David G. Dye

& Associates, L.L.C.  As with Neil Hall, Mr. Dye is entitled to

$40 per day plus his travel expenses associated with attending

his two depositions.  This amounts to $233.40.

Plaintiffs also include costs associated with demonstrative

exhibits.  However, such costs are not recoverable.  Therefore,

the invoice from VenuDocket for trial boards and transparent

overlays totaling $1,388.66 cannot be charged to State Farm.  See

Young v. Dallas Area Rapid Transit, No. 95-2596, 1999 WL 242694

---

[5]  Plaintiffs included an invoice for Mr. Hall to attend the
deposition of State Farm's expert, James Danner.  Since Mr.
Hall's presence was not required at this deposition, this is not
a properly taxable cost.  Plaintiffs also submitted invoices for
Mr. Hall's preparation for his deposition, travel and site
inspection, and preparation of his written report which are not
recoverable under Section 1920.  See Jarrells v. New Orleans
Shirt Co., Inc., No. 87-4688, 1988 WL 65571 (E.D. La. June 9,
1988).

(N.D. Tex. April 16, 1999).

Also, miscellaneous expenses such as travel expenses, parking, and attorney meals are also not recoverable under Section 1920.  Ducote Jax Holdings, L.L.C. v. Bank One Corp., No. 04-1943 (E.D. La. Nov. 28, 2007); Jimenez v. Paw-Paw's Camper City, Inc., No. 00-1756 (E.D. La. Feb. 22, 2002).

Therefore, Plaintiffs are to be awarded costs in the amount of $8,459.70.  Accordingly,

**IT IS ORDERED** that Plaintiffs' **Memorandum Regarding Attorney Fees and Costs (Rec. Doc. 132)** should be and is hereby **GRANTED** insofar as Plaintiffs are to be awarded attorneys fees, including paralegal fees, in the amount of $130,774.69, and costs in the amount of $8,459.70.

New Orleans, Louisiana this 31st day of January, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE